UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION


JEANDRE FOUCHE                                                                            PLAINTIFF


v.                                        Case No. 3:21-cv-50 BSM/JTK


UNITED STATES OF AMERICA;
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT;
DOUGLAS FITHEN, Deportation Officer;
GAIRHAN FARMS, INC.;
WAYNE GAIRHAN;
DAVID GAIRHAN;
SCOTT GAIRHAN                                                                            DEFENDANTS

## ANSWER ON BEHALF OF SEPARATE DEFENDANTS UNITED STATES OF AMERICA, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, AND DOUGLAS FITHEN


       Come Separate Defendants, United States of America, United States Immigration and

Customs Enforcement, and Douglas Fithen, Deportation Officer, by and through Jonathan Ross,

Acting United States Attorney, Eastern District of Arkansas, and the undersigned, and for their

Answer to the Plaintiff's Complaint states that:

       1.      They admit that Plaintiff Jeandre Fouche was in the United States on a temporary

agricultural visa to work for Gairhan Farms in 2018.   Any further allegations contained in

Paragraph 1 of the Plaintiff's Complaint against them are denied.

       2.      They acknowledge that this is a lawsuit brought against them by Fouche.  Any other

allegations contained in Paragraph 2 of the Plaintiff's Complaint are denied.

       3.      They admit that, generally, the United States District Courts have jurisdiction over

complaints brought under the Federal Tort Claims Act and the federal question statute, Title 28

U.S. Code, sections 1346(b) and 1331. Any further allegation contained in Paragraph 3 of the Plaintiff's Complaint is denied.

4.     Paragraph 4 of the Plaintiff's Complaint concerns allegations against other Separate Defendants. To the extent a response is required from these Separate Defendants, those allegations are denied.

5.     Venue is admitted.

6.     They admit that Fouche was admitted to the United States as a temporary worker for Gairhan Farms, Inc. Any further allegation contained in Paragraph 6 of the Plaintiff's Complaint is denied.

7.     They admit that the United States of America is the proper defendant in a federal tort claim as stated in Paragraph 7 of the Plaintiff's Complaint. Any further allegation contained in Paragraph 7 of the Plaintiff's Complaint is denied.

8.     They admit that the United States Immigration Custom Enforcement is a division of the United States Department of Homeland Security, an agency of the United States. Any further allegation contained in Paragraph 8 of the Plaintiff's Complaint is denied.

9.     They admit that Deportation Officer Douglas Fithen is an individual employed by Immigration and Customs Enforcement, a division of the Department of Homeland Security, an agency of the United States of America. Any further allegation contained in Paragraph 9 of the Plaintiff's Complaint is denied.

10.     They are without sufficient information to admit or deny the allegations contained in Paragraph 10 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

11.     They are without sufficient information to admit or deny the allegations contained in Paragraph 11 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

12.     They are without sufficient information to admit or deny the allegations contained in Paragraph 12 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

13.     They are without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

14.     They admit that the Plaintiff submitted a timely administrative claim.  They deny he is entitled to damages.  Any further allegation contained in Paragraph 14 of the Plaintiff's Complaint is denied.

15.     They admit that the Plaintiff submitted a timely administrative claim.  They deny he is entitled to damages.  Any further allegation contained in Paragraph 15 of the Plaintiff's Complaint is denied.

16.     They admit that the Plaintiff submitted a timely administrative claim.  They deny he is entitled to damages.  Any further allegation contained in Paragraph 15 of the Plaintiff's Complaint is denied.

17.     They admit that the Plaintiff has exhausted his administrative remedies to proceed against the United States with respect to his federal tort claim.  All other allegations contained in Paragraph 17 of the Plaintiff's Complaint are denied.

18.     They admit that noncitizens fill temporary agricultural needs in the United States through nonimmigrant worker visas.  Any further allegations against them in Paragraph 18 of the Plaintiff's Complaint are denied.

19.     They defer to the information contained within the Department of Labor regarding Department of Labor statistics about nonimmigrant workers.  Any further allegations against them in Paragraph 19 of the Plaintiff's Complaint are denied.

20.     The United States Code and Code of Federal Regulations speak for themselves concerning the requirements of temporary nonimmigrant workers, and they deny any allegation inconsistent with those federal laws.  Any further allegations against them in Paragraph 20 of the Plaintiff's Complaint are denied.

21.     The United States Code and Code of Federal Regulations speak for themselves concerning the obligation of employers  of temporary nonimmigrant workers, and they deny any allegation inconsistent with those federal laws.  Any further allegations against them in Paragraph 21 of the Plaintiff's Complaint are denied.

22.     The United States Code and Code of Federal Regulations speak for themselves concerning the obligation of employers  of temporary nonimmigrant workers, and they deny any allegation inconsistent with those federal laws.  Any further allegations against them in Paragraph 22 of the Plaintiff's Complaint are denied.

23.     The United States Code and Code of Federal Regulations speak for themselves concerning the obligation of employers  of temporary nonimmigrant workers, and they deny any allegation inconsistent with those federal laws.  Any further allegations against them in Paragraph 23 of the Plaintiff's Complaint are denied.

24.     The United States Code and Code of Federal Regulations speak for themselves concerning  obligations  of  temporary  nonimmigrant  workers,  and  they  deny  any  allegation inconsistent with those federal laws.  Any further allegations against them in Paragraph 24 of the Plaintiff's Complaint are denied.

25.     The allegations contained in Paragraph 25 of the Plaintiff's Complaint are denied.

26.     The United States Code and Code of Federal Regulations speak for themselves concerning the obligations of employers and temporary nonimmigrant workers, and they deny any

allegation inconsistent with those federal laws.  Any further allegations against them in Paragraph 26 of the Plaintiff's Complaint are denied.

27.     The United States Code and Code of Federal Regulations speak for themselves concerning the obligations of employers and temporary nonimmigrant workers, and they deny any allegation inconsistent with those federal laws.  Any further allegations against them in Paragraph 27 of the Plaintiff's Complaint are denied.

28.     They are without sufficient information at this time to admit or deny the allegations contained in Paragraph 28 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

29.     The United States Code and Code of Federal Regulations speak for themselves concerning the obligations of employers and temporary nonimmigrant workers, and they deny any allegation inconsistent with those federal laws.  Any further allegations against them in Paragraph 29 of the Plaintiff's Complaint are denied.

30.     The United States Code and Code of Federal Regulations speak for themselves concerning the obligations of employers and temporary nonimmigrant workers, and they deny any allegation inconsistent with those federal laws.  Any further allegations against them in Paragraph 30 of the Plaintiff's Complaint are denied.

31.     The allegations contained in Paragraph 31 of the Plaintiff's Complaint are denied.

32.     The allegations contained in Paragraph 32 of the Plaintiff's Complaint are denied.

33.     They are without sufficient information to admit or deny the allegations contained in Paragraph 33 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

34.     The allegations contained in Paragraph 34 are admitted.

35.     The allegations contained in Paragraph 35 are denied.

36.     They are without sufficient information to admit or deny the allegations contained in Paragraph 36 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

37.     They are without sufficient information to admit or deny the allegations contained in Paragraph 37 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

38.     The allegations contained in Paragraph 38 of the Plaintiff's Complaint pertain to other Separate Defendants, and, therefore, no response is required by the Separate Federal Defendants.  To the extent a response is required, any allegations against these Defendants contained in Paragraph 38 of the Plaintiff's Complaint are denied.

39.     The allegations contained in Paragraph 38 of the Plaintiff's Complaint pertain to other Separate Defendants, and, therefore, no response is required by the Separate Federal Defendants.  To the extent a response is required, any allegations against these Defendants contained in Paragraph 39 of the Plaintiff's Complaint are denied.

40.     They are without sufficient information to admit or deny the allegations contained in Paragraph 40 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

41.     They are without sufficient information to admit or deny when a North Dakota employer submitted an I-129 Petition to the United States Customs and Immigration Services ("USCIS") on the Plaintiff's behalf.  They admit that an I-129 Petition from Peter Shockman was received by USCIS on September 6, 2018.  Any further allegations contained in Paragraph 41 of the Plaintiff's Complaint are denied.

42.     They are without sufficient information to admit or deny when the Plaintiff informed the Gairhan farmers about a new job.  They admit that USCIS received information from Gairhan Farms, Inc. that the Plaintiff had absconded on September 7, 2018.  Any further allegations against them contained in Paragraph 42 of the Plaintiff's Complaint are denied.

43.     They are without sufficient information to admit or deny the allegations contained in Paragraph 43 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

44.     They are without sufficient information to admit or deny the allegations contained in Paragraph 44 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

45.     They are without sufficient information to admit or deny the allegations contained in Paragraph 45 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

46.     They are without sufficient information to admit or deny the allegations contained in Paragraph 46 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

47.     They are without sufficient information to admit or deny the allegations contained in Paragraph 47 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

48.     The allegations contained in Paragraph 48 of the Plaintiff's Complaint pertain to other Separate Defendants and no response is required of the Separate Federal Defendants.  To the extent a response is required from these Separate Defendants, the United States Code and Code of Federal Regulations speak for themselves concerning the obligations of employers and temporary nonimmigrant workers, and they deny any allegation inconsistent with those federal laws.  Any further allegations against them in Paragraph 48 of the Plaintiff's Complaint are denied.

49.     The United States Code and Code of Federal Regulations speak for themselves concerning the obligations of employers and temporary nonimmigrant workers, and they deny any allegation inconsistent with those federal laws.  Any further allegations against them in Paragraph 49 of the Plaintiff's Complaint are denied.

50.     They are without sufficient information to admit or deny the allegations contained in Paragraph 50 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

51.     They are without sufficient information to admit or deny the allegations contained in Paragraph 51 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

52.     They admit that United States Customs and Immigrations Services received a report from Gairhan Farms, Inc. on September 7, 2018 that the Plaintiff had absconded.  Any further allegation against them contained in Paragraph 52 of the Plaintiff's Complaint is denied.

53.     They admit that Officer Fithen received information from the United States Customs and Immigration Services that Gairhan Farms, Inc. had reported the Plaintiff had absconded from employment.  Any further allegations contained in Paragraph 52 of the Plaintiff's Complaint are denied.

54.     They admit that Officer Fithen responded to 17079 Stacy Lane in Trumann, Arkansas on September 7, 2018 at 1700.  Any further allegations contained in Paragraph 54 of the Plaintiff's Complaint are denied.

55.     They admit that the Plaintiff told Officer Fithen that he had voluntarily quit his employment with Gairhan Farms, and that he was leaving the next day via commercial airline for a job in North Dakota.  Any further allegation contained in Paragraph 55 of the Plaintiff's Complaint is denied.

56.     The allegations contained in Paragraph 56 of the Plaintiff's Complaint are denied.

57.     They admit that Officer Fithen did not have a judicial warrant for arrest.  Any allegations of wrongdoing contained in Paragraph 57 of the Plaintiff's Complaint are denied.

58.     They admit that Office Fithen had the authority to conduct a warrantless arrest. Any further allegation contained in Paragraph 58 of the Plaintiff's Complaint is denied.

59.     The allegations contained in Paragraph 59 of the Plaintiff's Complaint are denied.

60.     The allegations contained in Paragraph 60 of the Plaintiff's Complaint are denied.

61.     The allegations contained in Paragraph 61 of the Plaintiff's Complaint are denied.

62.     They admit that Officer Fithen lawfully arrested Plaintiff on September 7, 2018. Any further allegation contained in Paragraph 62 is denied.

63.     They admit that the Plaintiff was transported to the Lonoke Police Department Jail. Any further allegations contained in Paragraph 63 of the Plaintiff's Complaint are denied.

64.     They admit that on or about September 10, 2018, while Plaintiff remained in detention, ICE official completed Department of Homeland Security Form I-213, which shows as the disposition of administrative charges: "Warrant of Arrest/Notice to Appear."  Any further allegation contained in Paragraph 64 is denied.

65.     They admit that on or about October 11, 2018, Plaintiff was released from ICE custody on an $8,000.00 bond.  Any further allegation against them contained in Paragraph 65 of the Plaintiff's Complaint is denied.

66.     They admit that, according to USCIS records, the I-129 Petition of Peter Shockman was approved on or about November 6, 2018.  Any further allegations contained in Paragraph 66 of the Plaintiff's Complaint are denied.

67.     Defendant Fithen is without sufficient information to admit or deny the allegations contained in Paragraph 67 of the Plaintiff's Complaint, and, therefore, those allegations are denied. Defendants ICE and the United States deny the allegations contained in Paragraph 67 of the Plaintiff's Complaint.

68.     Defendant Fithen is without sufficient information to admit or deny the allegations contained in Paragraph 68 of the Plaintiff's Complaint, and, therefore, those allegations are denied. Defendants ICE and the United States admit that on December 3, 2018 an immigration judge

terminated the administrative proceedings. Any further allegations against them contained in Paragraph 68 of the Plaintiff's Complaint are denied

69. The allegations contained in Paragraph 69 of the Plaintiff's Complaint are denied.

70. They are without sufficient information to admit or deny the allegations contained in Paragraph 70 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

71. They deny the allegations against them contained in Paragraph 71 of the Plaintiff's Complaint.

72. They are without sufficient information to admit or deny the allegations contained in Paragraph 72 of the Plaintiff's Complaint, and, therefore, those allegations are denied.

73. The allegations contained in Paragraph 73 of the Plaintiff's Complaint are denied.

74. In response to Paragraph 74 of the Plaintiff's Complaint, they restate their responses to Paragraphs 1 – 73 of the Plaintiff's Complaint.

75. They acknowledge Arkansas law on false imprisonment, but deny that was violated here. Any remaining allegations contained in Paragraph 75 of the Plaintiff's Complaint are denied.

76. Paragraph 76 states a legal conclusion to which no response is required. Further, the Court can take notice of the referenced statute, which is the best evidence of its contents.

77. The allegations contained in Paragraph 77 of the Plaintiff's Complaint are denied.

78. The allegations contained in Paragraph 78 of the Plaintiff's Complaint are denied.

79. The allegations contained in Paragraph 79 of the Plaintiff's Complaint are denied.

80. In response to Paragraph 80 of the Plaintiff's Complaint, they restate their responses to Paragraphs 1-79 of the Plaintiff's Complaint.

81. They acknowledge that the Fourth Amendment of the United States Constitution provides that each person has a right against unreasonable searches and seizures. They deny any

constitutional allegations against them here.  Any further allegations contained in Paragraph 81 of the Plaintiff's Complaint are denied.

82.    The allegations contained in Paragraph 82 of the Plaintiff's Complaint are denied.

83.    The allegations contained in Paragraph 83 of the Plaintiff's Complaint are denied.

84.    In response to Paragraph 84 of the Plaintiff's Complaint, they restate their responses to Paragraphs 1-83 of the Plaintiff's Complaint.

85.    The allegations contained in Paragraph 85 of the Plaintiff's Complaint are denied.

86.    The allegations contained in Paragraph 86 of the Plaintiff's Complaint are denied.

87.    The allegations contained in Paragraph 87 of the Plaintiff's Complaint are denied.

88.    The allegations contained in Paragraph 88 of the Plaintiff's Complaint are denied.

89.    The allegations contained in Paragraph 89 of the Plaintiff's Complaint are denied.

90.    In response to Paragraph 90 of the Plaintiff's Complaint, they restate their responses to Paragraphs 1-89 of the Plaintiff's Complaint.

91.    The allegations contained in Paragraphs 91 – 115 of the Plaintiff's Complaint pertain to other Separate Defendants, and, therefore, no response if required from these Defendants.  To the extent a response is required, any allegations against them contained in Paragraphs 91 – 115 of the Plaintiff's Complaint are denied.

92.    In response to Paragraph 116 of the Plaintiff's Complaint, they restate their responses to Paragraphs 1-115 of the Plaintiff's Complaint.

93.    They acknowledge that the Fourth Amendment of the United States Constitution provides that each person has a right against unreasonable searches and seizures.  They deny any constitutional allegations against them here.  Any further allegations contained in Paragraph 117 of the Plaintiff's Complaint are denied.

94.     The allegations contained in Paragraph 118 of the Plaintiff's Complaint are denied.

95.     The allegations contained in Paragraph 119 of the Plaintiff's Complaint are denied.

96.     The allegations contained in Paragraph 120 of the Plaintiff's Complaint are denied.

97.     The Plaintiff is not entitled to a trial by jury against the United  States under the Federal Tort Claims Act. See 28 U.S.C. § 2402; Fed. R. Civ. P. 39(c)(2). Pleading further, the Court must make separate independent findings of fact and conclusions of law on all matters to be tried without a jury. See, Fed. R. Civ. P. 52(a). Any remaining allegation contained in Paragraph 121 of the Plaintiffs' Complaint is denied.

98.     The allegations contained in the Plaintiff's prayer for relief, including Paragraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j) (k), (l), and (m) are denied.

99.     Pleading affirmatively they state that the Plaintiff fails to state any claim upon which relief can be granted, and, therefore, the Complaint against them should be dismissed.  Fed. R. Civ. P. 12(b)(6).

100.    Pleading affirmatively, Defendant United States asserts that the Plaintiff's actions contributed to his injuries as alleged in the Complaint, and, therefore, any award against the United States should be reduced in proportion to the negligence by the Plaintiff.

101.    Pleading affirmatively, any damages pled by the Plaintiff's Complaint regarding his federal tort claim must be limited to the amount of damages sought in the administrative claim pursuant to 28 U.S.C. §2675(b).

102.    Pleading further, the Court should decline to imply a remedy for any constitutional claim against Defendant Fithen, as such claim constitutes a new context and seeks to expand the relief allowed by the Supreme Court of the United States. *Ziglar v. Abassi*, 127 S. Ct. 1843 (2017); Fed. R. Civ. P. 12(b)(6).

103.   Pleading affirmatively, the Plaintiff's Federal Tort Claims Act cause of action is barred by the discretionary function exception, Title 28 U.S.C. , section 2680(a).

104.   Pleading affirmatively, Defendant Fithen enjoys immunity from suit, and, therefore, the allegations against him must be dismissed.

105.   Pleading affirmatively, Defendant Office Douglas Fithen did not violate a clearly established constitutional right, and, therefore, the claim against him must be dismissed.

106.   Pleading affirmatively, a judgment on Plaintiff's Federal Tort Claims Act cause of action would be a complete bar to the Plaintiff's claim against Defendant Douglas Fithen, Title 28 U.S.C. § 2679.

107.   Pleading affirmatively, the Plaintiff's Complaint fails to state a claim for injunctive and declaratory relief against Defendant ICE upon which the court can grant relief and all such claims should be dismissed.

108.   All allegations of negligence, damages, and proximate cause are denied.

109.   All allegations of deliberate indifference, willful conduct, falsities, proximate causation, and damages are denied.

WHEREFORE, Separate Defendants, United States of America, United States Immigration and Customs Enforcement, and Douglas Fithen, Deportation Officer pray that the Plaintiff's Complaint against them be dismissed, that the Plaintiff have and recover nothing from them on the Complaint, that they recover their costs herein, and that they have all other appropriate relief to which they are entitled.

Respectfully submitted,

JONATHAN D. ROSS
Acting United States Attorney
Eastern District of Arkansas

Richard M. Pence, Jr., Ark Bar. No. 69059
Lindsey Mitcham Lorence, Ark. Bar No. 96183
Assistant United States Attorney
P.O. Box 1229
Little Rock, Arkansas  72203
(501) 340-2600
richard.pence@usdoj.gov
lindsey.lorence@usdoj.gov