IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JEANDRE FOUCHE                                                    PLAINTIFF

v.                          CASE NO. 3:21-CV-00050-BSM

UNITED STATE OF AMERICA, *et al.*                         DEFENDANTS

## ORDER

The motion to dismiss [Doc. No. 11] Gairhan Farms, Wayne Gairhan, David Gairhan, and Scott Gairhan (the "Gairhans) is denied.

## I. BACKGROUND

Jeandre Fouche came from South Africa to the United States to work for the Gairhans on an H-2A temporary agricultural visa. Compl. ¶ 34, Doc. No. 1. While Fouche was working for the Gairhans, he learned of another H-2A job in North Dakota. *Id*. ¶ 40. Fouche applied for the position, and the North Dakota employer petitioned the U.S. Citizenship and Immigration Services ("USCIS") for Fouche's transfer in accordance with H-2A regulations. *Id*. ¶¶ 40–41. Fouche informed the Gairhans about the new job and his plans to leave, and they responded with anger, false representations, and threats. *Id*. ¶¶ 42–46. The Gairhans also reported to the Department of Homeland Security ("DHS") that Fouche had absconded. *Id*. ¶ 52. Following this report, an Immigration and Customs Enforcement ("ICE") officer came to the Gairhans's farm and arrested Fouche. *Id*. ¶ 62. Fouche was held in immigration detention for just over one month before being released on bond. *Id*. ¶¶ 64–65. After his release, USCIS approved the North Dakota employer's petition for Fouche's transfer and an

immigration judge terminated Fouche's removal proceedings on the basis that Fouche had lawful H-2A status. *Id*. ¶¶ 66, 68.

Fouche is suing for injunctive and declaratory relief, as well as damages. The Gairhans move to dismiss his claims for malicious prosecution, violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), and breach of contract because: (1) Fouche fails to state a claim upon which relief can be granted; and (2) Fouche's claims are barred by the doctrine of acquired immunity. *See* Br. Supp. Mot. Dismiss, Doc. No. 12. The Gairhans also argue that Fouche's claims against David Gairhan and Wayne Gairhan should be dismissed for insufficient process pursuant to Federal Rule of Civil Procedure 12(b)(4).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

If a defendant is not properly served, a federal court lacks jurisdiction over that defendant whether or not he or she has actual notice of the suit. *Adams v. AlliedSignal*

*General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996).  A motion under Federal Rule

of Civil Procedure 12(b)(4) challenges the sufficiency of process.  Once a plausible challenge

is made, the plaintiff has the burden to demonstrate sufficient process.  *See Northrup King

Co. v. Compania Productora Semillas Algondoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th

Cir. 1995).

III. DISCUSSION

The Gairhans's motion to dismiss is denied because Fouche has sufficiently pled his

claims for malicious prosecution, violation of the TVPRA, and breach of contract to

overcome dismissal.  Further, the Gairhans have not shown that the doctrine of acquired

immunity should bar Fouche's claims against them or that service on David and Wayne

Gairhan was insufficient.

A.   Malicious Prosecution

Malicious prosecution consists of five elements: (1) a proceeding instituted or

continued by the defendant against the plaintiff; (2) termination of the proceeding in favor

of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of

the defendant; and (5) damages.  *S. Ark. Petroleum Co. v. Schiesser*, 36 S.W.3d 317, 319

(Ark. 2001).  The Gairhans argue that Fouche has failed to sufficiently plead the first four

of these elements.  The Gairhans's arguments are unpersuasive.

Fouche pled that the Gairhans initiated removal proceedings with DHS by lying that

he had absconded.  A private person can start a proceeding when he provides false or

3

incomplete information to a state actor who files the charges. *See S. Ark Petroleum Co.*, 36 S.W.3d at 319. Fouche also pled that the removal proceeding was terminated in his favor. *See* Doc. No. 1 at 40. He pled the Gairhans knew their statements to DHS were false because he was still working on their farm when he was arrested; therefore the Gairhans lacked probable cause for their claims against him. *See Burkett v Burkett*, 236 S.W.3d 563, 569 (Ark. Ct. App. 2006) ("If [defendant] knew the charges to be false, then he did not have probable cause to seek [plaintiff's] arrest"). Finally, Fouche pled malice by alleging that the Gairhans intended to compel him to stay on their farm by telling him that he could not legally leave, that if he left they would send the FBI and U.S. Marshals after him, and by falsely reporting to immigration officials that he had absconded. *See Family Dollar Trucking, Inc. v. Huff*, 474 S.W.3d 100, 104 (Ark. Ct. App. 2015) ("Malice can be inferred from lack of probable cause....[and] has been defined as any improper or sinister motive for instituting the suit").

    B.    <u>Trafficking Victims Protection Reauthorization Act</u>

The Gairhans argue that Fouche's claim under the TVPRA should be dismissed because the TVPRA is a criminal statute and does not provide for civil redress. The Gairhan's argument, however, is contradicted by the plain language of the statute. 18 U.S.C. § 1595(a) ("An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator...in an appropriate district court of the Unites States and may recover damages and reasonable attorneys fees"). By alleging that the Gairhans threatened

him to prevent him from leaving their farm, Fouche has sufficiently pled a violation of the TVPRA for attempted forced labor.  *See* 18 U.S.C. §§ 1589, 1594(a).

C.    Breach of Contract

The Gairhans contend that Fouche's breach of contract claim should also be dismissed, but the basis of their argument is somewhat unclear.  It appears they believe Fouche was required to plead this claim with more specificity, and that the claim should be barred because he has not exhausted his administrative remedies pursuant to the Federal Tort Claims Act ("FTCA").  Fouche, however, has sufficiently pled a breach of contract by alleging that the Gairhan's failed to comply with the regulations governing H-2A employers, as promised in Fouche's employment contract.  Moreover, the requirements of the FTCA do not apply to a breach of contract claim against a private party.  *See* 28 U.S.C. § 2671; *United States v. Orleans*, 425 U.S. 807, 814 (1976) (for purposes of the FTCA, an 'employee' does not include an 'independent contractor' working for the government).

D.    Doctrine of Acquired Immunity

Separate from their arguments regarding specific causes of action, the Gairhans assert that Fouche's claims are barred by the doctrine of acquired immunity.  They rely, however, on a case extending sovereign immunity from the state of Arkansas to one its asphalt contractors.  *See Smith v. Rogers Group, Inc.,* 72 S.W.3d 450 (Ark. 2002).  No contractors for the state of Arkansas are involved in this lawsuit, and the Gairhans have not shown that

the doctrine of acquired immunity is applicable to H-2A employers contracted by the federal government.

    E.    <u>Insufficient Process</u>

Finally, the Gairhans argue that service on David Gairhan and Wayne Gairhan was defective because the summons had an incorrect address.  The Gairhans do not explain how the address was wrong, and in their argument they cite to a case addressing service of process under Arkansas law, not the Federal Rules of Civil Procedure.  *See Earls v. Harvest Credit Mgmt. VI-B, LLC*, 460 S.W.3d 795, 799 (Ark. 2015).  Given these deficiencies, the Gairhans have failed to show how service on David and Wayne Gairhan was defective.  *See Broadway v. adidas Am., Inc.*, 2008 WL 2705566, at *4 (E.D. Ark. July 10, 2008) ("Under federal law, if the summons and complaint have been successfully delivered to the defendant and service is otherwise proper, purely technical errors in the form of the summons may not invalidate service absent a showing of prejudice").

IV. CONCLUSION

For the forgoing reasons, the Gairhans's motion to dismiss is denied.

IT IS SO ORDERED this 29th day of November, 2021.

UNITED STATES DISTRICT JUDGE

6